Publications Intl., Ltd. v Phoenix Intl. Publs., Inc. (2018 NY Slip Op 03204)





Publications Intl., Ltd. v Phoenix Intl. Publs., Inc.


2018 NY Slip Op 03204


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Acosta, P.J., Tom, Oing, Moulton, JJ.


651334/16 6220 6219

[*1]Publications International, Ltd., Plaintiff-Respondent,
v
Phoenix International Publications, Inc., Defendant-Appellant, Jiangsu Phoenix Education Publishing Co. Ltd., Defendant.
Phoenix International Publications, Inc., Defendant/Counterclaim-Plaintiff-Appellant,
v
Publications International, Ltd., Plaintiff/Counterclaim-Defendant-Respondent, JRS Distribution Co., et al., Additional Counterclaim-Defendants-Respondents.


Sidley Austin LLP, New York (John M. Skakun, III of the bar of the State of Illinois, admitted pro hac vice, of counsel), for appellant.
McDermott Will & Emery LLP, New York (Michael R. Huttenlocher of counsel), for respondents.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered February 2, 2017, which, to the extent appealed from as limited by the briefs, granted counterclaim-defendant and additional counterclaim-defendants' motion to dismiss the second amended counterclaims alleging "manipulated returns" and seeking indemnification for unpaid Mexican taxes, unanimously affirmed, without costs. Order, same court (Barry R. Ostrager, J.), entered September 25, 2017, which granted counterclaim-defendant and additional counterclaim-defendants' motion to dismiss the third amended counterclaims insofar as they seek specific performance on the Mexican taxes claim, unanimously affirmed, without costs.
Even accepting the allegations as true and affording counterclaim plaintiff (Phoenix) every possible favorable inference, we find that the "manipulated returns" counterclaim, which alleges that the drop in merchandise returns was the result of a scheme on the part of counterclaim-defendant Publications International, Ltd. (PIL) to avoid its obligations under section 4.9 of the asset purchase agreement, is conclusory and lacking in factual specificity (see Godfrey v Spano, 13 NY3d 358, 373 [2009]).
The counterclaim seeking indemnification in connection with the allegedly unpaid Mexican taxes is not ripe, since the alleged underlying tax liability has not been established (see AM Gen. Holdings LLC v Renco Group, Inc., 2013 WL 5863010, *8-9, 2013 Del Ch LEXIS 266, *29-31 [Del Ch, Oct. 31, 2013]).
As to the third amended counterclaim seeking specific performance, Phoenix offered no reason that it could not have sought this relief in the second amended counterclaim. In any event, [*2]we find that this counterclaim was an attempt to circumvent the law of the case, since the counterclaim seeking identical monetary relief relating to Mexican taxes had been dismissed in the February 2, 2017 order.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK